UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHELLE MARIE O'HOWELL,
JACOB PETER DANIEL AUSTIN, and
VINCENT MIKAEL AUSTIN,

          Plaintiffs,

     v.                                  Case No. 24-C-1668

WILLIAM F. KUSSEL,
ERIC HENDRICKSON,
KATHERINE SLOMA, and
ANN KNOX BAUER,

          Defendants.

## SCREENING ORDER

On December 27, 2024, Plaintiff Michelle Marie O'Howell filed this action on behalf of herself, Jacob Peter Daniel Austin, and Vincent Mikael Austin against Defendants Judge William Kussel, Judge Katherine Sloma, Judge Ann Knox Bauer, and Court Commissioner Eric Hendrickson. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is pro se, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* Given the increase in lawsuits filed by nonlawyers who are not bound by the Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of pro se complaints by the court would seem an essential tool for fulfilling the command that the Federal Rules of Civil Procedure "be construed, administered, and

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. At the same time, when exercising its screening discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763. When screening a complaint, the court must determine whether the complaint states at least a plausible claim for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8.

O'Howell alleges that the defendants are part of a conspiracy to steal her property and are making "every effort to conceal the existence of a land contract." Compl. at 7. She asserts that she is facing a "fraudulent eviction" on January 6, 2025 and requests that this court enter an emergency temporary injunction to stop all eviction proceedings against her. The court does not have subject matter jurisdiction over this action, and the complaint must be dismissed under the Rooker-Feldman doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "An action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision, is barred by the Rooker-Feldman doctrine." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). This court does not have the power to exercise appellate review over the state court decisions O'Howell challenges. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Instead, O'Howell must appeal the state proceedings through the Wisconsin state courts.

For these reasons, O'Howell's complaint must be dismissed and her emergency motion for a temporary restraining order and for a preliminary injunction (Dkt. No. 2) is **DENIED**. Although

2

it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, that is unnecessary when the amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of December, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge